UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ERIC-JOSHUA MAPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-81 |
| | ) |
| HEATHER R. FALKS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss [DE 13] filed by the defendant, Heather R. Falks, on April 3, 2023. For the following reasons, the motion is **GRANTED**.

*Background*

On October 14, 2022, the plaintiff, Eric-Joshua Mapes, acting *pro se*, filed a complaint against the defendant, Heather R. Falks, in her individual capacity as the ADA Coordinator with the Indiana Supreme Court. Mapes asserts that he suffers from a type of neurodivergence that affects his ability to communicate. While attempting to access the court system in the State of Indiana, Mapes contends that Falks denied him reasonable accommodations in violation of Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.

Rather than filing an answer to Mapes' complaint, Falks filed the instant motion to dismiss on April 3, 2023, pursuant to Federal Rules of Civil Procedure 12(b)(6). [DE 13]. Mapes responded in opposition on April 7, 2023 [DE 16], and Falks filed her reply on April 14, 2023 [DE 18]. On April 20, 2023, the parties consented to the undersigned magistrate judge. [DE 19].

*Discussion*

**Federal Rule of Civil Procedure 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard in **Federal Rule of Civil Procedure 8(a)(2)** which requires a "short and plain statement" to show that a pleader is entitled to relief. *See* **Cincinnati Life Ins. Co. v. Beyrer**, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it still demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." **Ashcroft v. Iqbal**, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)); **Cincinnati Life Insurance**, 722 F.3d at 946 ("The primary purpose of [Fed. R. Civ. P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims")(quoting **Stanard v. Nygren**, 658 F.3d 792, 797 (7th Cir. 2011)); **Peele v. Clifford Burch**, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); **Joren v. Napolitano**, 633 F.3d. 1144, 1146 (7th Cir. 2011); **United States ex rel. Berkowitz v. Automation Aids, Inc.**, 896 F.3d 834, 839 (7th Cir. 2018). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684.

The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by **Twombly**. *See Twombly*, 550 U.S. at 555 (discussing Rule 8(a)(2)'s

requirement that factual allegations in a complaint must "raise a right to relief above the speculative level").  First, a court must accept as true only *factual* allegations pled in a complaint; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." **Automation Aids, Inc.**, 896 F.3d 834, 839 (internal citations omitted).  Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss:  if the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard in Rule 8(a)(2).  **Iqbal**, 556 U.S. at 678–79; *see also* **Brown v. JP Morgan Chase Bank**, No. 08-1890, 2009 WL 1761101, at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability).

The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss.  First, any "well-pleaded factual allegations" should be assumed to be true by the court.  Next, these allegations can be reviewed to determine whether they "plausibly" give rise to a claim that would entitle the complainant to relief.  **Iqbal**, 129 S. Ct. at 1949-50; **Bonte v. U.S. Bank, N.A.**, 624 F.3d 461, 465 (7th Cir. 2010).  Reasonable inferences from well-pled facts must be construed in favor of the plaintiff.  **Murphy v. Walker**, 51 F.3d 714, 717 (7th Cir. 1995); **Maxie v. Wal-Mart Store**, No. 3:09-cv-260, 2009 WL 1766686, at *2 (N.D. Ind. June 19, 2009); **Banks v. Montgomery**, No. 3:09-cv-23, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009).

Falks argues that the claims within Mapes' complaint fail to meet the particularity requirements in accordance with Rule 8(a)(2).  Moreover, she contends that neither the ADA nor the Rehabilitation Act provides remedies for claims against public officials in their individual capacity, further justifying a dismissal of this action. Even if Mapes could bring a claim against

3

Falks in her individual capacity, she argues that Mapes failed to establish an actionable claim under the ADA and Rehabilitation Act.

In response, Mapes fails to address any of the defendant's arguments and instead airs various personal grievances that appear to be ancillary to his claims. For instance, Mapes references an article published in the Indiana Lawyer on February 16, 2023, which he believes constituted a "character assassination" because it quoted the Indiana Supreme Court's characterization of his conduct within its court as "abusive behavior." Mapes then provides a detour into pseudo legal jargon regarding defamation and the actual malice standard, which bears no relation to the substance of the ADA and Rehabilitation Act claims or the named defendant in this case.

Setting Mapes' incoherent response to the instant motion aside, his complaint is devoid of any semblance of adherence to Rule 8(a)(2). At the onset, the court recognizes that documents filed *pro se* are to be liberally construed, and even an inartful complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." **Estelle v. Gamble**, 429 U.S. 97, 106, 97 S. Ct. 285, 287 (1976). A *pro se* complaint should be dismissed for failure to state a claim only when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Sanders v. Melvin**, 25 F.4th 475, 483 (7th Cir. 2022) (citation omitted). Even when applying these liberal standards, Mapes' claims against the defendant are not cognizable.

Mapes' 30-page complaint is riddled with legal commentary, conclusions, and assertions. Buried in his complaint are three paragraphs which seem to hold the crux of his claims. [DE 1, pg. 7-8]. Essentially, Mapes contends that Falks utilized her position as the Indiana State Court's ADA Coordinator to "interfere with allowing reasonable accommodations for qualified

4

interpreters to ensure effective communications" in violation of Title II of the ADA. *Id.* Instead of providing an explanation as to when, how, or what actually occurred, Mapes merely asserts that Falks showed "deliberate indifference making a decision regarding Mr. Mapes' rights" for failing to "provide effective communications [reasonable accommodations] to remove actual communicational barriers." *Id.* The only reference to a date of occurrence is when Mapes declares "[t]he [defendant] is arguing well known settled facts of law that they denied and refused to honor on 13, October 2022." *Id.* at 8. These statements, even when generously construed, fail to provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." **Iqbal**, 556 U.S. at 678.

Notwithstanding the Rule 8(a)(2) deficiencies, Mapes' complaint also fails as a matter of law. Mapes' attempt to bring action against Falks in her individual capacity under the ADA and Rehabilitation Act is futile because "only public entities, and not individuals, are proper defendants" under these statues. **Ravenna v. Village of Skokie**, 388 F. Supp. 3d 999, 1004 (N.D. Ill. June 7, 2019); *see also* **Walker v. Snyder**, 213 F.3d 344, 346 (7th Cir. 2000) ("Under Title II of the ADA…the proper defendant is that 'entity.'…[A]s a rule there is no personal liability under Title II.") (*Reversed on other grounds*); **EEOC v. AIC Sec. Investigations, Ltd.**, 55 F.3d 1276-1279-1282 (7th Cir. 1995) (no individual liability under the ADA). Thus, Mapes has failed to state a claim for which relief can be granted.

The last fatal defect to Mapes' complaint is his failure to state an actionable claim under the ADA and the Rehabilitation Act. To successfully state a claim for relief under Title II of the ADA or the Rehabilitation Act, the plaintiff must prove "that he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or

discrimination was by reason of his disability." ***Wagoner v. Lemmon***, 778 F.3d 586, 592 (7th Cir. 2015); ***Jaros v. Ill. Dep't of Corr.***, 684 F.3d 667, 672 (7th Cir. 2012). A qualified individual is one who "has a physical or mental impairment that substantially limits one or more major life activities; has a record of such an impairment; or is regarded as having such an impairment." **42 U.S.C. § 12102(1)**.

Here, Mapes claims that he is disabled due to "neurodivergence." Yet, that assertion alone is insufficient to establish that Mapes is a "qualified individual" under the ADA. Indeed, nowhere in Mapes' complaint is there an explanation of the specific accommodation he requested, whether or not that accommodation actually existed, or information about the circumstances of the alleged denial. Consequently, Mapes has provided no rational argument in law or facts to support his claims.

Based on the foregoing reasons, the Motion to Dismiss [DE 13] is **GRANTED.** This case is now closed.

ENTERED this 10th day of May, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge