UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ERIC-JOSHUA MAPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-81 |
| | ) |
| HEATHER R. FALKS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Reconsideration [DE 28] filed by the plaintiff, Eric-Joshua Mapes, on May 22, 2023. For the following reasons, the motion is **DENIED**.

*Background*

On October 14, 2022, the plaintiff, Eric-Joshua Mapes, acting *pro se*, filed a complaint against the defendant, Heather R. Falks, in her individual capacity as the ADA Coordinator with the Indiana Supreme Court. Mapes asserts that he suffers from a type of neurodivergence that affects his ability to communicate. While attempting to access the court system in the State of Indiana, Mapes contends that Falks denied him reasonable accommodations in violation of Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.

On April 3, 2023, Falks moved to dismiss under Federal Rules of Civil Procedure 12(b)(6). [DE 13]. Mapes responded in opposition on April 7, 2023 [DE 16], and Falks filed her reply on April 14, 2023 [DE 18]. On May 10, 2023, the court granted Falks' motion to dismiss on all claims [DE 23].

Mapes filed the instant motion on May 22, 2023, requesting that the court reconsider its order granting the motion to dismiss. On June 5, 2023, Falks filed a response in opposition to the motion [DE 29]. Mapes did not reply.

### *Discussion*

Although they are often filed, the Seventh Circuit has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. U.S.**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* **Talano v. Northwestern Med. Fac. Found., Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* **Seng-Tiong Ho v. Taflove**, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can establish a manifest error of law or present newly discovered evidence) (citing **Obriecht v. Raemisch**, 517 F.3d 489, 494 (7th Cir. 2008); **United States v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In **Frietsch v. Refco, Inc.**, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see* **Oto v. Metro. Life Ins. Co.**, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented

earlier."); ***Divane v. Krull Elec. Co.***, 194 F.3d 845, 850 (7th Cir. 1999); ***LB Credit Corp. v. Resolution Tr. Corp.***, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration in vacating a judgment is an "extraordinary remedy, granted only in exceptional circumstances[.]" ***Teninty v. McHugh***, 444 F. App'x 92, 93 (7th Cir. 2011).

Mapes asserts that the court erred in dismissing this action because he believes he had a viable claim under 42 U.S.C. § 1983. According to Mapes, his complaint was brought under Section 1983 and contends that the court's May 10 Order did not adequately address his claims under the statute. Mapes argues he had a legitimate claim under Section 1983 because Falks violated his rights under the ADA and constitution while acting under color of state law. Mapes requests that the court reconsider its denial of this case accordingly.

Section 1983 does not grant substantive rights but provides a conduit in which to vindicate constitutionally or statutorily conferred rights. ***Albright v. Oliver***, 510 U.S. 266, 271 (1994) (citing ***Baker v. McCollan***, 443 U.S. 137, 144 n.3 (1979)). To prevail under 42 U.S.C. § 1983, Mapes must establish that Falks deprived him of a constitutionally secured right while acting under the color of state law. ***J.H. ex rel. Higgin v. Johnson***, 346 F.3d 788, 791 (7th Cir. 2003). Thus, Mapes must first identify the constitutional right infringed upon to have an actionable claim under the statute. ***Albright***, 510 U.S. at 271 (citing ***Graham v. Connor***, 490 U.S. 386, 394 (1989)). As explained in the May 10 Order, Mapes failed to state a viable claim under either the ADA or Section 504 of the Rehabilitation Act. This deficiency is a flaw, effectively eliminating Mapes' action brought under Section 1983 because he failed to establish the necessary element of showing that he was deprived of a constitutional or federally protected right.

Much like his complaint and response to the motion to dismiss, the instant motion is riddled with mere "labels" and "conclusions" and "formulaic recitations" that are insufficient to plausibly state a viable claim of relief under Section 1983. ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555 (2007). Mapes continues to assert that his rights were violated under the ADA and Rehabilitation Act without addressing any of the issues discussed by the court in the May 10 Order. Essentially, Mapes identified no new evidence, change in controlling law, or manifest legal error by the court to warrant reconsideration of the May 10 Order dismissing this action.

Mapes has been warned not to address any claims or issues through the court's email. Any additional submissions will be treated as a motion and filed of record with the Clerk.

Based on the foregoing reasons, the Motion for Reconsideration [DE 28] is **DENIED.**

ENTERED this 21st day of June, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge